```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION

LURIE D. JAMES, III, as      :
Personal Representative of   :
the Estate of                :
LURIE JAMES, SR., Deceased,

     Plaintiff,
vs.                          :    CIVIL ACTION 16-51-KD-M
                             :
CURTIS McDANIEL; ALLSTATE    :
INSURANCE COMPANY, et al.,   :
                             :
     Defendants.
```

REPORT AND RECOMMENDATION

The Plaintiff's Motion to Remand (Doc. 4) has been referred for report and recommendation under 28 U.S.C. § 636(b) and S.D. Ala. GenLR 72.  After consideration of Plaintiff's Motion and Brief (Docs. 4 and 5), Defendant's Response (Doc. 10), and Plaintiff's Reply (Doc. 11), it is recommended that Plaintiff's Motion to Remand (Doc. 4) be granted and that this action be remanded to the Circuit Court of Conecuh County, Alabama.

Facts and Proceedings

On December 18, 2015, Plaintiff, Laurie D. James, ("James" or "Plaintiff") filed a wrongful death action against Curtis McDaniel (McDaniel) and Allstate Insurance Company (Allstate), in the Circuit Court of Conecuh County, Alabama.  (Doc. 1-1).  Allstate was served on December 23,

1

2015, and filed its Answer on January 19, 2016. (Doc. 1-2; 1-1 at p.7). McDaniel was served on January 4, 2016, and filed its Notice of Removal on February 2, 2016 (Doc. 1). According to the Notice, removal is warranted because the parties are diverse and the amount in controversy exceeds $75,000.00. (Id). In her Motion to Remand, Plaintiff argues that this action is due to be remanded because Allstate did not timely consent to removal which rendered the removal improper for lack of unanimity among the Defendants.[1] (Doc. 5).

## Discussion

A federal court may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). In a removal action, the party asserting jurisdiction has the burden of establishing proof of it by a preponderance of the evidence. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007), *cert. denied sub nom Hanna Steel Corp. v. Lowery*, 553 U.S. 1080 (2008). However, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all

---

[1] Plaintiff initially argued that McDaniel's removal was also untimely, but Plaintiff has since withdrawn that claim. (*See* Doc. 11 at ¶ 7).

2

doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of South Alabama. v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (internal and external citations omitted).  "Therefore, when an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims."  *Id. at 410.* (citation omitted).  "If at any time before final judgment it appears the district court lacks subject matter jurisdiction, the case shall be remanded to the state court from whence it came."  *Id.* (citing 28 U.S.C. § 1447(c)).

## Discussion

Prior to determining whether diversity jurisdiction exists, this Court will address the procedural defects raised by Plaintiff.  Specifically, whether Defendants were unanimous in the removal of this action.

In the Eleventh Circuit, "[t]he unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal." *Russell Corp. v. American Home Assurance Co.*, 264 f.3d 1040, 1044 (11th Cir. 2001) (citations omitted).  Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal

3

removal jurisdiction.   (Id. at 1049).

> W]hile it may be true that consent to removal is all that is required under section 1446, *a defendant must do so itself.* This does not mean that each defendant must sign the original petition for removal, but there must be some *timely filed written indication* from each served defendant, *or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so,* that it has actually consented to such action. Otherwise there would be nothing on the record to "bind" the allegedly consenting defendant.

*Yezzi v. Hawker Financial Corp.*, 2009 WL 4898380 (S.D. Ala. Dec. 14, 2009 *citing to Getty Oil Corp. v. Insurance Co. of N.A.*, 841 F.2d 1254, 1262, n. 11 (5th Cir. 1998)(emphasis added).  The unanimity requirement provides that "each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the 30-day period prescribed in 28 U.S.C. § 1446(b)." *Leaming v. Liberty University, Inc.,* Not Reported in F.Supp.2d, 2007 WL 1589542 (S.D.Ala., 2007) (*quoting Diebel v. S.B. Trucking Co.,* 262 F. Supp .2d 1319, 1328 (M.D.Fla.2003) (citation omitted)).

In the present action, there is no dispute that McDaniel timely filed a Notice of Removal or that James timely objected to the same.  There is, likewise, no dispute that Allstate, although not having filed its own

4

Notice of Removal within the proper time, may still consent to McDaniel's Removal. *See* 28 U.S.C. § 1446(b)(2)(C)("If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."). Thus, the only remaining issues are 1) whether Allstate properly consented and 2) whether said consent was timely.

There is no indication, and McDaniel does not make the argument, that Allstate joined in on McDaniel's Notice of Removal.  Instead, McDaniel argues that the language expressed in his removal which states, "[c]ounsel for McDaniel has corresponded with counsel for Allstate, and all Defendants consent to this Removal, thereby satisfying the unanimity requirement …" meets the burden of establishing consent.  (Doc. 1 at p.2).  While McDaniel argues this language should be acceptable because attorneys are officers of the Court, he has presented no authority to support his position and the Court is unaware of any such precedent.  To the contrary, the Eleventh Circuit has found this type of alleged consent to be insufficient.  *See Yeezi*, supra, 2009 WL 4898380 at *2 ("Mere assertion in the removal petition that all defendants consent to removal

5

fails to satisfy the joinder requirement") (*citing Jones ex rel. Bazerman v. Florida Department of Children & Family Services*, 2002 F.Supp. 2d 1319, 1328 (S.D. Fla. 2002)). This Court agrees that the language in McDaniel's removal fails to satisfy the unanimity requirement.  As a result, it is a clear that at the time of removal Allstate had not properly consented to removal, a defect which, if not cured, would warrant remand.

With regard to McDaniel's argument that any potential defect was cured by Allstate filing its Consent to Removal (Doc. 8), this Court does not find McDaniel's argument to be compelling.  "Removal is a privilege accorded by statute, and a removing party must comply with the statutory requirements in order to invoke the statute." *Clingan v. Celtic Life Ins. Co.*, 244 F.Supp.2d. 1298, 1302 (M.D. Ala. 2003) (citation omitted).  "The time limit in 28 U.S.C. § 1446(b) is 'mandatory and must be strictly applied.'" *Id*. (citations omitted). There is no question that for consent to be proper, it must be timely, i.e., it must be provided within the 30-day period prescribed by 28 U.S.C. § 1446(b).  *See Chakra 5 Inc. v. City of Miami Beach*, 968 F.Supp.2d 1210 (S.D. Fla. 2013)(City was required to obtain from individual defendants unanimous consent to the removal of plaintiffs's § 1983 action no

6

later than the date on which the last-served defendant had to file a notice of removal, in order for removal to be effective.); *See also Newman v. Spectrum Stores*, 109 F.Supp.2d 1342, 1345 (M.D. Ala. 2000) ("A consent to removal must be filed within thirty days after the first defendant is served... Neither the late filed consent nor the later assertion by counsel that the statement included in the Notice of Removal was authorized can cure the defect.")  In order for Allstate's consent to be timely and removal proper, the required consent must have been conveyed to this Court by no later than February 4, 2016. Therefore, Allstate's consent filed on February 16, 2016, was not timely and did not cure the previously discussed defect of lack of unanimity.

## CONCLUSION

After reviewing all of the relevant pleadings of record, the Court finds that Defendants have not demonstrated, by a preponderance of the evidence, that removal is proper.  Thus, it is recommended that Plaintiff's Motion to Remand be granted, and that this action be remanded to the Circuit Court of Conecuh County, Alabama.

NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. GenLR72.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 15th day of March, 2016.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE