IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LURIE D. JAMES, III, ) | |
| as Personal Representative of ) | |
| the Estate of ) | |
| LURIE JAMES, SR., Deceased, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION 16-51-KD-M |
| ) | |
| CURTIS McDANIEL; ALLSTATE ) | |
| INSURANCE COMPANY, *et al.*, ) | |
|     Defendants. ) | |

**ORDER**

This matter is before the Court on Plaintiff's Motion to Remand, Defendant's Opposition, and Plaintiff's Reply (Docs. 4, 5, 10, and 11). On March 16, 2016, the Magistrate Judge issued a Report and Recommendation, which addressed these filings. (Doc. 12). Defendant filed his objection on March 28, 2016. (Doc. 14). The Report and Recommendation recommended that Plaintiff's Motion to Remand be granted. However, as discussed herein, the Court declines to adopt the Report and Recommendation and finds that the Motion to Remand is due to be **DENIED**.

I.     Background

On December 18, 2015, Plaintiff, Laurie D. James, ("James" or "Plaintiff") filed a wrongful death action against Curtis McDaniel ("McDaniel") and Allstate Insurance Company ("Allstate"), in the Circuit Court of Conecuh County, Alabama. (Doc. 1-1). Allstate was served on December 23, 2015, and filed its Answer on January 19, 2016. (Doc. 1-2; 1-1 at p.7). McDaniel was served on January 4, 2016, and filed its Notice of Removal on February 2, 2016 (Doc. 1). According to the Notice, removal is warranted because the parties are diverse and the

amount in controversy exceeds $75,000.00. (Id). In her Motion to Remand, Plaintiff argues that this action is due to be remanded because "(1) fewer than all Defendants joined in the removal of this action, rendering the removal procedurally defective; and (2) the Notice of Removal was filed forty-one days after the first Defendant was served, which was untimely." (Doc. 5 at 1).[1]

## II.     Motion to Remand (Docs. 4-5)

When McDaniel filed its Notice of Removal on February 2, 2016, Allstate did not sign the Notice. (Doc. 1). However, McDaniel's Notice of Removal states, "[c]ounsel for McDaniel has corresponded with counsel for Allstate, and all Defendants consent to this removal, thereby satisfying the unanimity requirement…" (Doc. 1 at 2). Allstate filed its Consent to Removal on February 16, 2016. (Doc. 8).

Relying on this Court's previous decision in *Yezzi v. Hawker Fin. Corp.*, the Report and Recommendation recommended that the Motion to Remand (Doc. 4) be granted as Allstate failed to strictly comply with the unanimity requirement. (Doc. 12 *citing Yezzi v. Hawker Fin. Corp.*, 2009 WL 4898380, at *1 (S.D. Ala. Dec. 14, 2009). Specifically, the Report and Recommendation stated:

> While McDaniel argues [the statement contained in the notice of removal indicting Allstate consented to removal] should be acceptable because attorneys are officers of the Court, he has presented no authority to support his position and the Court is unaware of any such precedent. To the contrary, the Eleventh Circuit[2] has found this type of alleged consent to be insufficient. *See Ye[z]zi, supra*, 2009 WL 4898380 at *2 ("Mere assertion in the removal petition that all defendants consent to removal fails to satisfy the joinder requirement.")(citing *Jones ex rel. Bazerman v. Florida Department of Children & Family Services*, 2[]02 F. Supp. 2d 1319, 1328 (S. D. Fla. 2002)).

(Report and Recommendation, Doc. 12 at 5-6)(emphasis added).

---

[1] Plaintiff initially argued that McDaniel's removal was untimely, but Plaintiff has since withdrawn that claim. (See Doc. 11 at ¶ 7).

[2] Though *Yezzi* collected cases from district courts in the Eleventh Circuit, *Yezzi* is a district court rather than an Eleventh Circuit opinion.

McDaniel objects to the Magistrate Judge's recommendation and argues that as officers of the court, attorneys are entitled to a presumption of truthfulness. However, the issue here is not whether it was *true* that Allstate communicated to McDaniel that it consented to removal. Rather, the issue is whether Allstate properly consented to removal by adhering to the required procedures for doing so. Though it may have been factually accurate that Allstate agreed to removal, this does not obviate the requirement for Allstate to properly consent to removal as required in this Court. A defendant cannot rely on a co-defendant to consent to removal on its behalf. As this Court has previously, held:

> [T]his Court, as well as several other courts of this Circuit, have required all defendants to inform the Court of their joinder in the Notice of Removal in a manner that is 1) timely and 2) binding. See *Leaming v. Liberty University, Inc.*, Not Reported in F.Supp.2d, 2007 WL 1589542 (S.D.Ala., 2007)("each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the 30-day period prescribed in 28 U.S.C. § 1446(b).") (quoting *Diebel v. S.B. Trucking Co.*, 262 F. Supp .2d 1319, 1328 (M.D.Fla.2003)); *Jones ex rel. Bazerman v. Florida Department of Children & Family Services,* 202 F.Supp.2d 1352, 1355 (S.D.Fla.2002)(Mere assertion in the removal petition that all defendants consent to removal fails to satisfy the joinder requirement); *Lampkin v. Media General, Inc. .,* 302 F.Supp.2d. 1293, 1295 (M.D.Ala.2004) (citation omitted) (noting that "an official, affirmative, and unambiguous joinder or consent to ... [the] notice of removal" is required); *Mitsui Lines Ltd. v. CSX Intermodal, Inc.,* 564 F.Supp.2d 1357, 1361 (S.D.Fla. 2008).

*Yezzi v. Hawker Fin. Corp.*, 2009 WL 4898380, at *2 (S.D. Ala. Dec. 14, 2009).

Thus, the Court agrees that McDaniel's representation that Allstate consented to removal was procedurally insufficient. However, six years after *Yezzi* was decided in this Court, the Eleventh Circuit decided *Stone v. Bank of New York Mellon N.A.*, 609 Fed. App'x. 979 (11th Cir. 2015).[3] In *Stone*, the Eleventh Circuit addressed the unanimity requirement where one of the defendants opposed plaintiff's motion to remand, but did not properly join in the removal or file

---

[3] The Court recognizes that non-published opinions are persuasive rather than controlling authority.

its own timely consent to removal. The Eleventh Circuit affirmed the district court's denial of plaintiff's motion to remand stating:

> A defendant or defendants wishing to remove an action from a state court to a federal court must comply with certain procedural requirements. *See* 28 U.S.C. § 1446. . . .The requirement that all defendants consent to and join a notice of removal in order for it to be effective is referred to as the "unanimity rule." *Bailey v. Janssen Pharmaceutica, Inc.,* 536 F.3d 1202, 1207 (11th Cir. 2008). Like all rules governing removal, the unanimity rule must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction. *Russell Corp. v. Am. Home Assur. Co.,* 264 F.3d 1040, 1049 (11th Cir. 2001). However, like the First Circuit in *Esposito v. Home Depot U.S.A., Inc.,* 590 F.3d 72, 77 (1st Cir. 2009), "we nevertheless are not inclined to establish a wooden rule." A technical defect related to the unanimity requirement may be cured by opposing a motion to remand prior to the entry of summary judgment. *Id.* Although [one of the defendants] did not join the notice of removal, it did oppose remand, and therefore the district court did not err by refusing to remand for a technical defect related to the unanimity rule.

*Stone v. Bank of New York Mellon, N.A.*, 609 F. App'x 979, 981 (11th Cir. 2015).

Although the *Stone* defendant's opposition to remand was filed more than 30 days after the last defendant was served (making even acquiescence to removal untimely), the Eleventh Circuit found that it cured the "technical defect" of not timely joining the removal. *Id.* Along the same lines, while Allstate's consent to removal was not timely filed, they have consented to removal. Following the guidance provided by *Stone*, the Court finds that Allstate's untimely acquiescence to removal was a curable "technical defect." Accordingly, the motion to remand (Doc. 4) is **DENIED.**

**DONE** and **ORDERED** this **19th** day of **April 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**